951 F.2d 1324
 293 U.S.App.D.C. 57
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
WESTERN ELECTRIC CO., INC. and American Telephone and
Telegraph Co., Appellants.
 Nos. 91-5064, 91-5098.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 4, 1991.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary reversal, the responses thereto, and the reply, and the responses to this court's October 2, 1991 order to show cause, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the district court's order of February 14, 1991 be vacated and the case remanded to the district court for further consideration. Since that order issued, circumstances have changed and warrant revisiting the question regarding Bell Atlantic's uncontested request for a waiver of the long distance services restriction. On July 25, 1991, the district court granted an uncontested motion to remove the information services restriction from the consent decree. See United States v. Western Elec. Co., Inc., 767 F.Supp. 308 (D.D.C.1991). In doing so, the district court applied the rule announced in United States v. Western Elec. Co., Inc., 900 F.2d 283, 305-08 (D.C.Dir.), cert. denied, 111 S.Ct. 283 (1990) (Triennial Review Order ), in which this court held that an uncontested request for waiver should be granted if the result is within the range of settlements consistent with the public interest, i.e., unless the proposed modification would be certain to lessen competition. On July 30, 1991, the district court ruled that the Bell Companies may file a waiver motion with that court and the Department of Justice may file either a response to such motion or file its own motion. See United States v. Western Elec. Co., Inc., 82cv0192, memo.op. (D.D.C. July 30, 1991).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.